UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW ALAN SCHROCK,

Plaintiff,

v.

ARAMARK, LLC, et al.,

Defendants.

CAUSE NO. 3:19-CV-510-JD-MGG

OPINION AND ORDER

Matthew Alan Schrock, a prisoner at Westville Correctional Facility proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Schrock's handwritten complaint is somewhat light on factual content, but it can be discerned from the complaint and attachments that in 2018, Schrock elected to receive Kosher meals for religious reasons. He claims that during November and December 2018, the meals served to him were often spoiled, missing items, and in two instances contained live insects. Because of these issues, the meals were not adequate to meet his nutritional needs, causing him to feel hungry and light-headed. He claims that he complained to a number of prison staff members about this issue to no avail. He sues Aramark, LLC, the private company that prepares meals at the prison and more than a dozen prison staff members, seeking compensatory and punitive damages.

A violation of the Eighth Amendment consists of two elements: (1) the injury must be objectively serious enough to have deprived the inmate of the minimal civilized measure of life's necessities, and (2) the prison official must have acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). On the first prong, the Eighth Amendment clearly requires that prison officials provide inmates with an adequate diet. *Williams v. Shah*, 927 F.3d 476, 479 (7th Cir. 2019). Giving Schrock the benefit of the inferences to which he is entitled at the pleading stage, he has satisfied the objective inquiry.

Turning to the subjective prong, Schrock names Aramark, LLC, the private company that provides meals at the prison. A private company may be held liable for constitutional violations when it performs a state function. *See West v. Atkins*, 487 U.S. 42 (1988); *Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general *respondeat superior* liability under section 1983, and Aramark cannot be held liable solely because it employs the kitchen staff that prepared the meals in question. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a state function can also be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, there is nothing in the complaint from which it can be plausibly inferred that Aramark had an official policy of servicing spoiled or inadequate food to inmates. Indeed, Schrock attaches a copy of monthly menu showing that Aramark planned proper meals for inmates; his complaint is that he did not actually get what was on the menu and that items served to him were inedible. He has not alleged a

2

plausible constitutional claim against this corporate defendant, and so Aramark will be dismissed.

As for the other defendants, Schrock asserts that he repeatedly complained to Captain Smiley (first name unknown) about the problems with the meals, but that he ignored him and failed to do anything to correct it. It can be inferred from the complaint and attachments that Captain Smiley's job duties included overseeing the provision of meals to inmates in his division. Giving Schrock the inferences to which he is entitled at this stage, he has stated a claim against Captain Smiley.

Schrock also names the warden of the prison as a defendant, but there is nothing to suggest that the warden had personal involvement in these events, and he cannot be held liable solely because he is the official overseeing operations at the prison. *J.K.J.*, 960 F.3d at 377; *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Schrock names a host of other prison staff—including correctional officers, two chaplains, an administrative assistant, and a grievance officer—alleging generally that they, too, had knowledge of the problems with the meals. Yet knowledge alone is not enough to hold a defendant liable under section 1983. As the U.S. Court of Appeals for the Seventh Circuit has explained:

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in

> order to investigate a single prisoner's claims, and then collect damages
> from all 1,000 recipients if the letter-writing campaign does not [resolve
> the problem] . . . . That can't be right.

*Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). There is nothing in the complaint

from which it can be plausibly inferred that any of these employees held responsibility

for providing inmates with nutritionally adequate meals, that they created the problem

with the meals, or that they stood in the way of its resolution. "The most one can say is

that [they] did nothing, when [they] might have gone beyond the requirements of

[their] job and tried to help him." *Id.* at 596. This does not state a claim under section

1983. *Id.* Accordingly, these defendants will be dismissed.

   As a remaining matter, Schrock appears to be trying to assert a claim under the

Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*, but this statute does not

apply to the states. *Boerne v. Flores*, 521 U.S. 507 (1997). To the extent he is also trying to

assert a First Amendment Free Exercise claim, there is nothing in the complaint from

which it can be inferred that any of the defendants discriminated against him because of

his religion or prevented him from exercising his religious beliefs. *Church of the Lukumi*

*Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993). Instead, the complaint and

attachments make clear that Schrock was given a Kosher diet after he requested one.

His complaint is that the meals he was given were inedible and inadequate—an

allegation that falls under the Eighth Amendment.

   For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Captain Smiley (first name unknown) in his personal capacity on a claim for monetary damages under the Eighth Amendment for providing the plaintiff with inedible and inadequate meals;

(2) DISMISSES all other claims;

(3) DISMISSES Aramark LLC, John or Jane Does, Lt. Darenski, Lt. Eakins, Warden Sevier, Executive Assistant Leonard, Grievance Specialist Harvil, Sgt. Reid, Sgt. Reid, Ofc. Halcarz, Ofc. Kerins, Ofc. Harrington, Ofc. Miller, Ofc. Rojo, Ofc. Henrich, Sgt. Sims, Chaplain John Doe, and John Doe Chaplain;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Captain Smiley, and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of Captain Smiley if he does not waive service;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Captain Smiley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 18, 2020

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5