UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW ALAN SCHROCK, <br><br> Plaintiff, <br><br> v. <br><br> ARAMARK, LLC, et al., <br><br> Defendants. | CAUSE NO. 3:19-CV-510-JD-MGG |

OPINION AND ORDER

Matthew Alan Schrock, a prisoner proceeding without a lawyer, filed a motion for leave to file an amended complaint, along with a proposed amended complaint. (ECF 20.) Pursuant to Fed. R. Civ. P. 15(a)(1), and in the interest of justice, his motion is granted. The court will proceed to screen the amended complaint pursuant to 28 U.S.C. § 1915A. In doing so, the court must bear in mind that "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Mr. Schrock is an adherent of the Messianic African Hebrew Israelite religion, which requires him to follow Kosher dietary rules. As with his original complaint, Mr. Schrock complains about the Kosher meals being served at Westville Correctional Facility ("Westville"). He claims that Kosher meals served to him during 2018 and 2019 were often spoiled, missing items, and in some instances contained live insects or "fecal matter." Because of these issues, he sometimes skipped eating, causing him to feel hungry and light-headed. In July 2020, he decided to forgo the Kosher meals altogether due to these issues, which inhibits his ability to practice his religion. He sues Aramark, LLC, the private company that prepares meals at the prison, the Indiana Department of

Correction ("IDOC"), and various prison employees, seeking monetary damages and injunctive relief.

A violation of the Eighth Amendment consists of two elements: (1) an injury that is objectively serious enough to have deprived the inmate of the minimal civilized measure of life's necessities, and (2) the prison official must have acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). On the first prong, the Eighth Amendment clearly requires that prison officials provide inmates with an adequate diet. *Williams v. Shah*, 927 F.3d 476, 479 (7th Cir. 2019). Giving him the inferences to which he is entitled at the pleading stage, he has satisfied the objective inquiry.

Turning to the subjective prong, Mr. Schrock names Aramark, LLC, the private company that provides meals at the prison. A private company may be held liable for constitutional violations when it performs a state function. *See West v. Atkins*, 487 U.S. 42 (1988); *Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general *respondeat superior* liability under 42 U.S.C. § 983, and Aramark cannot be held liable solely because it employs the kitchen staff that prepared the meals in question. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a state function can also be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, there is no factual content in the complaint from which it can be plausibly inferred that Aramark had an official policy of serving spoiled or inadequate food to inmates. He also names an Aramark employee, Jason English, as

a defendant, but this individual is not mentioned in the body of the complaint, and the court finds no basis to plausibly infer that he was personally involved in serving inadequate meals to Mr. Schrock. *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009).

However, Mr. Schrock asserts that he repeatedly complained to Captain Jason Smiley about the problems with the meals, but Captain Smiley told him to "deal" with it or "ask to be taken off of the Kosher diet." It can be inferred from the complaint that Captain Smiley's job duties included overseeing the provision of adequate meals to inmates in his division. Giving Mr. Schrock the inferences to which he is entitled at this stage, he has stated an Eighth Amendment claim against Captain Smiley.

Mr. Schrock's allegations also trigger First Amendment concerns. Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). The Free Exercise Clause applies if the state action at issue "discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993). Additionally, "[t]he Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). Based on the allegations in the complaint, Mr. Schrock asserts a plausible First Amendment claim for money damages against Captain Smiley for forcing him to choose between nutritionally adequate meals or meals that complied with his religious dietary restrictions. Mr. Schrock also claims that when he complained about the quality of the Kosher meals to Warden John Galipeau and Captain Gary Lewis, they did not address

the issue and instead tried to force him to file a grievance stating, "I want to be taken off of the Kosher diet." It is unclear what happened with this grievance, but it can be inferred that Mr. Schrock recently gave in to the pressure from these individuals and opted to forgo the Kosher meals altogether. The court concludes that he has alleged a plausible First Amendment claim against these defendants as well.

Mr. Schrock also seeks injunctive relief related to the prison's on-going provision of Kosher meals. The Religious Land Use and Institutionalized Persons Act ("RLUIPA") affords even broader protections than the First Amendment, and authorizes injunctive relief but not monetary damages. 42 U.S.C. § 2000cc-1(a); *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). RLUIPA prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 574 U.S. 352 (2015). Mr. Schrock plausibly alleges that the problems with the Kosher meals are substantially burdening the practice of his religion and that he is entitled to adequate religious meals. Warden Galipeau, as the official overseeing operations at the prison, has both the authority and the responsibility to ensure that inmates are given a proper religious diet in accordance with RLUIPA. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Schrock will be permitted to proceed on a claim against Warden Galipeau in his official capacity for permanent injunctive relief under RLUIPA related to his on-going need for adequate Kosher meals.

Mr. Schrock also names as a defendant Grievance Specialist Harvil (first name unknown), the grievance officer at Westville, alleging that he had the "power to investigate the events giving rise to this plaintiff's claims," but did not take adequate action to address his concerns. Liability under section 1983 is based on personal involvement, and Mr. Harvil cannot be held liable for the misdeeds of other prison staff. *Burks*, 555 F.3d at 593. There is nothing in the complaint from which it can be plausibly inferred that Mr. Harvil held personal responsibility for providing inmates with adequate meals, that he created the problem with the meals, or that he stood in the way of its resolution. His failure to adequately investigate or process Mr. Harvil's grievances does not give rise to a plausible constitutional claim. *Id.*

Mr. Schrock also names the IDOC as a defendant, but this state agency cannot be held liable solely because it employees the prison staff involved in these events. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Nor is there any factual content in the complaint from which it can be plausibly inferred that IDOC had an official policy of serving inadequate meals to inmates or violating an inmate's religious dietary restrictions. Accordingly, these defendants will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff's motion for leave to amend his complaint (ECF 20) and DIRECTS the clerk to docket the proposed amended complaint (ECF 20-1) as a separate docket entry;

(2) GRANTS the plaintiff leave to proceed against Captain Jason Smiley in his personal capacity on a claim for monetary damages under the Eighth Amendment for providing the plaintiff with inedible and inadequate meals;

(3) GRANTS the plaintiff leave to proceed against Captain Jason Smiley, Warden John Galipeau, and Captain Gary Lewis in their personal capacities for monetary damages under the First Amendment for forcing him to choose between adequate nutrition and meals that complied with his religious dietary restrictions;

(4) GRANTS the plaintiff leave to proceed against Warden John Galipeau in his official capacity for injunctive relief related to the provision of adequate Kosher meals as required by RLUIPA;

(5) DISMISSES all other claims;

(6) DISMISSES Aramark, LLC, Indiana Department of Correction, Grievance Specialist Harvil, and John English;

(7) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Captain Jason Smiley, Warden John Galipeau, and Captain Gary Lewis, and to send them a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available;

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Captain Smiley, Warden Galipeau, and Captain Lewis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 3, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT